Dear Mr. Wells:
You ask this office to advise if the magistrate for the mayor's court for the Town of Woodworth may (1) reduce a moving violation (a speeding citation) to a nonmoving violation; (2) may the individual who requests his citation be amended to a nonmoving violation be charged an "administrative fee" for the reduction; and (3) must the fine assessed for the original moving violation be reduced to the fine assessed for the nonmoving violation?
At the outset, we point out that the Town of Woodworth is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, et seq. Within these provisions, La.R.S. 33:441 governs mayor's courts and provides that "there shall be a mayor's court in the municipality, with jurisdiction over violations of municipal ordinances."[1] Because La.R.S. 33:441 (A)(1) limits the jurisdiction of the mayor's court to violations of municipal ordinances, a mayor's court has no jurisdiction over traffic violations charged under state law and the Louisiana Highway Reflectory Act, La.R.S. 32:1, et seq.
However, La. R.S 32:41 (C) permits a municipality to adopt traffic ordinances which are not inconsistent with Title 32 or state regulations.[2] We assume here that the Town of Woodworth has adopted an ordinance providing for a speed *Page 2 
limit on state highways within corporate limits which tracks the language of La.R.S. 32:61 defining the maximum speed limit allowed by state law.[3] Offenders who are issued a citation for violation of such a municipal traffic ordinance would be within the jurisdiction of the mayor's court under La.R.S. 33:441.[4]
Turning to your specific questions, we note that this office has addressed these same issues in La. Atty. Gen. Op. 06-0075. Because we find no change in the law requiring a result different from that reached in Opinion 06-0075, we here adopt the analysis expressed by the author of Opinion 06-0075, as indicated below.
In response to your first question, it is the opinion of this office that the magistrate of the mayor's court may not reduce a moving violation to a nonmoving violation. Rather, the authority to reduce a moving violation to a nonmoving violation rests with the town attorney, appointed pursuant to La.R.S. 33:404(A)(3), [5] who serves as prosecutor in the mayor's court. The prosecuting attorney is the only person who may amend a criminal charge. "Such discretion is given to the prosecuting attorney in La.C.Cr.P. art. 61, which states, `subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.' By analogy, the same control and authority over each case prosecuted that is held by a district attorney would be found in a prosecutor in mayor's court." See Opinion 06-0075.
In response to your second question, it is the opinion of this office that the violator who requests his citation be amended to a nonmoving violation may not be charged an "administrative fee" for the reduction. Rather, the only other cost which the mayor's court may impose is provided by La.R.S. 33:441 (A)(1), which states "the mayor may also impose court costs not to exceed thirty dollars for *Page 3 
each offense, as defined by ordinance, on any defendant convicted of a violation of a municipal ordinance."
In response to your third question, there is no authority for the mayor's court to impose a fine other than that assessed by ordinance for the charge to which an individual pleads guilty. In other words, it is the opinion of this office that the fine assessed for the original moving violation must be reduced to the fine assessed for the nonmoving violation, in the event the town attorney elects to reduce the moving violation to a nonmoving violation.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] If a violator is arrested or cited for a violation of any state statute, the charges must be referred to the district court.See La. Atty. Gen. Op. 06-0008.
[2] La.R.S. 32:41 (C) pertinently provides: "Local municipal authorities also may adopt ordinances regulating traffic on state maintained highways within their corporate limits so long as such ordinances do not establish regulations different from, or in addition to, the provisions of this Chapter and the regulations of the department and the commissioner adopted pursuant thereto. . . ."
[3] La.R.S. 42:61 provides: Maximum speed limit
A. No person shall operate a vehicle on any highway of this state in excess of fifty-five miles per hour, unless a lower maximum speed is posted on the highway, except as follows:
(1) No person shall operate a vehicle on any interstate or controlled access highway of this state in excess of seventy miles per hour.
(2) No person shall operate a vehicle on any multi-lane divided highway of this state which has partial or no control of access in excess of sixty-five miles per hour.
(3) A person may operate a vehicle in excess of any maximum speed set forth in this Chapter within a speed zone established by the department as provided in R.S. 32:63(C).
B. The Department of Transportation and Development shall develop criteria to determine which portions of a highway warrant a speed limit lower than the speed limits established by this Section. The criteria shall be based on an engineering study which shall consider, but not necessarily be limited to, the design speed of the road, the road geometry, the use of land surrounding the road, and the accident history of the road.
[4] In accord is La. Atty. Gen. Op. 02-0101.
[5] La.R.S. 33:404(A)(3) grants the mayor the authority to appoint the municipal attorney, subject to the approval of the board of aldermen.